UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-CR-00006-TBR-2

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.

JOHN ANDREW COREAU                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter arises before the Court upon *pro se* Defendant John Andrew Coreau's Motion for Compassionate Release. [DN 58]. The United States responded. [DN 59]. Defendant did not timely reply. As such, this matter is ripe for adjudication. For the reasons stated below, **IT IS HEREBY ORDERED** that Coreau's Motion for Compassionate Release is **DENIED**.

I.    Background

In June of 2017, Coreau pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine. [DN 32]. On September 27, 2017, Defendant was sentenced to the statutory minimum sentence of 120 months. [DN 46]. He has currently served forty-eight (48) of that 120-month sentence and now asks the Court for compassionate release. [DN 58].

II.   Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-
(1) In any case—

> (A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>
> > (i) *extraordinary and compelling reasons warrant such a reduction ...*"

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added).

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

### III.    Discussion

The Motion for Compassionate Release must be denied because Defendant failed to provide any evidence that he requested compassionate release from the warden of his facility and for failure to exhaust the BOP's administrative process. Coreau provides no explanation or other support for failing to meet this requirement. "[D]istrict courts lack jurisdiction to consider a motion

for compassionate release filed by the defendant himself unless he has fully exhausted his administrative remedies." *United States v. Gentner*, NO: 5:16-CR-11-TBR, 2019 WL 5581337, at *1 (W.D. Ky. Oct. 29, 2019). "The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. Hughes*, No. 2:13-cr-20142-SHM-13, 2021 WL 254315, at *2 (W.D. Tenn. Jan. 25, 2021) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020)). Coreau has not carried his burden. Because Defendant apparently did not present a claim to his warden, or use the BOP's administrative process, "the Court cannot find that he has exhausted his administrative rights and, therefore, the Court does not have jurisdiction to consider the motion." *United States v. Frye*, No. CR 5:15-7-KKC, 2020 WL 2513826, at *2 (E.D. Ky. May 15, 2020) (citing *Gentner*, 2019 WL 5581337, at *1). Therefore, his motion must be denied.

Even if Defendant had satisfied the administrative requirements, he does not present an extraordinary or compelling justification for release. Coreau argues that his completion of rehabilitation programs and the needs of his family are extraordinary and compelling reasons, however, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). While the Court does sympathize with Coreau and his family members, "hardship on the family almost always results from serious criminal conduct, and rarely rises to the level of extraordinary and compelling." *United States v. King*, No. 5:17-CR-00028-TBR, 2021 WL 784652 (W.D. Ky. Mar. 1, 2021) (citing *United States v. Mojica*, No. 19-CR-629 (CS), 2020 WL 6746478 (S.D.N.Y. Nov. 16, 2020)). The Court applauds all the actions Coreau has taken, but because he was unable to show an extraordinary and compelling reason for release, this motion must be denied.

## IV. Conclusion

For the above reasons, **IT IS HEREBY ORDERED** that Coreau's Motion for Compassionate Release [DN 58] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 4, 2021

cc: counsel

**John Andrew Coreau**, *pro se*
18840-033
YAZOO CITY MEDIUM FCI
Inmate Mail/Parcels
P.O. Box 5000
Yazoo City, MS 39194